UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> MASSACHUSETTS WATER RESOURCES ) <br> AUTHORITY, ) <br> ) <br> *Defendant*. ) <br> ) | Case No. 1:22-cv-10626-AK |

**MASSACHUSETTS WATER RESOURCES AUTHORITY'S
OBJECTION TO LACK OF RELATEDNESS DESIGNATION
AND MOTION FOR REASSIGNMENT**

Pursuant to Local Rule 40.1(g)(6)(B), Defendant Massachusetts Water Resources Authority ("the Authority") objects to the lack of designation relating the present action by Plaintiff Conservation Law Foundation ("CLF") to the consolidated actions pending before Judge Stearns in this Court, *United States of America v. Metropolitan District Commission*, et al., C.A. 1:85-cv-00489-RGS and *CLF v. Metropolitan District Commission, et al.*, C.A. 1:83-cv-01614-RGS (together, "Boston Harbor Action"). The Authority also moves for this case to be reassigned and transferred to Judge Stearns pursuant to Local Rule 40.1(i).

As set forth in the accompanying memorandum, CLF's Complaint, which challenges the Authority's compliance with its National Pollutant Discharge Elimination System permit ("NPDES Permit") under the Clean Water Act, 33 U.S.C. §§ 1251-1376 ("CWA"), is closely related to the ongoing Boston Harbor Action, which concerns allegations made by CLF that the Authority is violating the CWA in connection with its operations under its NPDES Permit. Given

that the present action and the Boston Harbor Action fit squarely within the definition of "related" under Local Rule 40.1(g), CLF should have designated the instant action as such when the Complaint was filed. Therefore, correction of the case designation and reassignment to Judge Stearns is appropriate pursuant to Local Rule 40.1(g)(9).

Additionally, the reassignment of this case to Judge Stearns will further the efficient performance of the business of the Court. During his longstanding tenure over the Boston Harbor Action, Judge Stearns has acquired significant familiarity with the complexities of the NPDES Permit at issue and the compliance measures undertaken by the Authority thereunder, all of which have been subject to the Court's careful supervision. In light of this unique understanding, Judge Stearns is best suited to consider CLF's present allegations concerning certain pretreatment requirements under the NPDES Permit, and reassignment of this case for his administration is warranted under Local Rule 40.1(i).

WHEREFORE, the Court should designate the above-styled actions as related and grant the Authority's motion to reassign the present action to Judge Stearns.

                                        Respectfully Submitted,

                                        MASSACHUSETTS WATER
                                        RESOURCES AUTHORITY

                                        By its attorney,

                                        MAURA HEALEY
                                        ATTORNEY GENERAL

                                        By: */s/ Jonathan M. Ettinger*
                                        Jonathan M. Ettinger
                                        Special Assistant Attorney General
                                        (BBO #552136)
                                        Foley Hoag LLP
                                        155 Seaport Boulevard
                                        Boston, Massachusetts 02210
                                        (617) 832-1000
July 19, 2022                           jettinger@foleyhoag.com

Of Counsel:

Carolyn Francisco Murphy (BBO #567090)
General Counsel
Massachusetts Water Resources Authority
100 First Avenue
Boston, Massachusetts 02129
(617) 242-6000

## LOCAL RULE 7.1 CERTIFICATION

    I hereby certify that I have conferred with counsel for Plaintiff and attempted in good faith to resolve the issue but was unsuccessful.

## CERTIFICATE OF SERVICE

    I hereby certify that on July 19, 2022, this document, filed through the Court's ECF system, will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                */s/ Jonathan M. Ettinger*
                                                Jonathan M. Ettinger (BBO #552136)
                                                jettinger@foleyhoag.com