UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| | ) | Civil Action No. 1:22-CV-10626-AK |
| v. | ) ) ) | |
| MASSACHUSETTS WATER RESOURCES AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

**A. KELLEY, D.J.**

Defendant Massachusetts Water Resources Authority ("MWRA") moves to object to the lack of relatedness designation in the action brought here by Plaintiff, Conservation Law Foundation ("CLF"), to consolidated actions pending before Judge Stearns, <u>United States of America v. Metropolitan District Commission, et al.</u>, C.A. 1:85-cv-00489-RGS ("MDC 1985") and <u>CLF v. Metropolitan District Commission, et al.</u>, C.A. 1:83-cv-01614-RGS ("MDC 1983") (together, the "Boston Harbor Action"). [Dkt. 6]. Defendant seeks to reassign the case to Judge Stearns pursuant to Local Rule 40.1(i). CLF opposes this motion. [Dkt. 9]. For the following reasons, MWRA's motion to object to the lack of relatedness designation and motion for reassignment is **GRANTED**.

1

I.  **LEGAL STANDARD**

Local Rule 40.1(g) governs the designation of related cases.  If the plaintiff believes that a case is related to an earlier filed case, assuming no more than two years have passed since the earlier case's closing, the plaintiff shall, at the time of the initial pleading, notify the clerk about the related case.  L. R. 40.1(g)(4), (5).  A defendant who believes that a case should have been designated as related should file, as Defendant here has done, a motion in the later filed case for the consideration of transfer or reassignment.  L. R. 40.1(g)(6)(B).

A civil case is deemed related to another civil case if some or all of the parties are the same and if one or more of the following similarities exists: "(1) the cases involve the same or substantially similar issues of fact; (2) the cases arise out of the same occurrence, transaction or property; (3) the cases involve insurance coverage for the same property, transaction or occurrence."  L. R. 40.1(g)(1).  A district judge may reassign or transfer a case if doing so is "in the interest of justice or to further the efficient performance of the business of the court."  L. R. 40.1(i)(1).

II.  **DISCUSSION**

MWRA argues that the present case is closely related to the Boston Harbor Action because it similarly features a challenge to MWRA's compliance with its National Pollutant Discharge Elimination System ("NPDES") permit and the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1376.  [Dkt. 7 at 2].  MWRA also suggests that reassigning the case to Judge Stearns would enhance the efficiency of proceedings because of his tenure over the Boston Harbor Action and the NPDES permit at issue in this case.  [Dkt. 7 at 2].

CLF responds that the cases comprising the Boston Harbor Action, which MWRA purports to be related, are significantly older and that the subject matter here is unique.  Rather

2

than addressing sewer overflow outfalls, which the Boston Harbor Action addresses today, it focuses on a different and specific current problem: the obligations of MWRA to take action against industrial users violating wastewater treatment standards.[1] [Dkt. 9 at 2-4].

The lawsuits forming the Boston Harbor Action were challenges brought against MWRA's predecessor, the Metropolitan District Commission ("MDC"). They concerned the MDC's discharge of effluent into the Massachusetts Bay from its Deer Island and Nut Island treatment plants and from combined sewer overflows. [Dkt. 7 at 3]. CLF initiated the first lawsuit in 1983, alleging that the MDC was violating the CWA through its discharge of raw sewage into the Boston Harbor. [Dkt. 7 at 3]. CLF's lawsuit was followed by the Environmental Protection Agency's ("EPA") own federal action in 1985 and the two cases were subsequently consolidated. [Dkt. 7 at 3 n.5]. Plaintiffs therein alleged that the MDC's treatment of wastewater was in violation of its NPDES permit and therefore the CWA. [Dkt. 7 at 3]. The court concurred in 1985 and ordered MWRA to develop and implement a plan to treat its wastewater and thereafter entered a long-term scheduling order for the cleanup of Boston Harbor. [Id.]. That plan included an Industrial Pretreatment Program ("IPP") which, in accordance with EPA requirements, required MWRA to implement an Enforcement Response Plan ("ERP") to oversee pollutants discharged by industrial users. [Id. at 4]. The consolidated case against MWRA closed in 1991.[2] [Dkt. 9 at 3]. Since then, however, the court continues to oversee various elements of MWRA's compliance with earlier court orders. [Dkt. 7 at 3].

---

[1] CLF further argues that MWRA prematurely brought its motion for reassignment because they did so before the complaint had been served. [Dkt. 7 at 5]. They assert that these actions taken by MWRA to position the case before Judge Stearns gives the appearance of judge shopping. [Id.]. Since the complaint has been served and MWRA has now filed its responsive pleading, this argument is therefore moot. [Dkt. 6; Dkt.7].

[2] MWRA inherited operations and facilities from the MDC in 1984. Enabling Act of 1984 Mass. Acts 761, ch. 372, sec. 4.

Since the passing of Judge Mazzone in 2004, the ongoing activity in the Boston Harbor Action has been overseen by Judge Stearns to whom MWRA files biannual compliance reports. [Id. at 3]. As recently as May 2022, Judge Stearns entered orders relating to MWRA's compliance. MDC 1985, Dkt. 1904. The most recent entries focus on the control plans for combined sewer overflows and do not address the ERP or industrial users violating wastewater treatment standards. Id. at 1903-04.

CLF does not dispute that the parties here may be viewed as the same as that original action, and therefore the first criteria for the case being designated as related is met. L. R. 40.1(g)(1)(A). The question is whether the cases "involve the same or substantially similar issues of fact" or "arise out of the same occurrence, transaction or property." L. R. 40.1(g)(1)(B)(i), (ii). The Court concludes that the case before it here does concern the same or substantially similar issues of fact as the Boston Harbor Action.

The focus of this action differs from recent follow up entries in the Boston Harbor Action because this challenge focuses on MWRA's enforcement response, or lack thereof, to industrial users violating wastewater treatment standards. [Dkt. 9 at 3]. CLF's current complaint raises questions about MWRA's lack of enforcement response brought against over one hundred industrial users who were out of compliance and the danger such excess toxic waste creates. [Dkt. 1 "Complaint" at ¶¶ 94-117, 135-161]. The Boston Harbor Action has previously addressed the need for MWRA to regulate pollutants discharged by industrial users. In 1992, the court ordered MWRA to amend its ERP and bring it in compliance with the EPA's regulations. [Dkt. 7 at 4-5]. After taking steps to comply with those requirements, MWRA along with the EPA jointly moved to vacate that order. [Id. at 5 n.11]. CLF took no position on that motion. [Id.; Dkt. 7-4 at 2]. The court vacated that previous order in 2001. [Id.]. That this earlier order

4

was vacated does not alter the fact that these types of concerns were previously considered part of the Boston Harbor Action.

CLF is correct in its assertion that, according to the Local Rules, civil cases shall not be deemed related if more than two years have lapsed since the closing of the earlier case. L. R. 40.1(g)(4). However, the Boston Harbor Action is unique given that, while it closed decades ago, aspects of it remain active today. MWRA's efforts at ensuring compliance with the Boston Harbor Action is ongoing, as is CLF's participation in those matters.[3] That the specific focus of those efforts today is centered around a different aspect of MWRA's compliance with the CWA does not change how much overlap there is between these actions.

There is clearly significant overlap between the subject matter here and the factual and legal questions at the heart of the Boston Harbor Action. While they focus on different aspects, they all center MWRA's compliance with its obligations under its NPDES permit and the CWA. That this action is related to a subsequent NPDES permit does not alter this conclusion[4] as the issue of industrial wastewater treatment was addressed when the current NPDES permit was in place.[5] The current NPDES permit and ERP may not have been in place when the Boston Harbor Action formally closed but they are the direct successors of permits and plans that have been part of this adjudication for years. They also concern the same authority (MWRA) and the same treatment plant (the Deer Island Treatment Plant).

Taken together, the Court finds that under Local Rule 40.1(g), CLF's action was required to have been designated as related to the Boston Harbor Action. However, even if this were not

---

[3] MDC 1985, Dkt. 1901.
[4] The current NPDES permit became effective on August 10, 2000. [Dkt. 1-3].
[5] After MWRA complied with the requirements of a previous ERP, as was required by EPA regulation, the order requiring compliance with those requirements was vacated on October 2, 2002. [Dkt. at 5 n.11]. The ERP in place today was submitted to the EPA on August 17, 2017. [Dkt. 1-5].

the case, pursuant to its authority to reassign or transfer cases under Local Rule 40.1(i)(1), the Court finds that nevertheless this case should be transferred to Judge Stearns.  Given Judge Stearns' ongoing oversight of the Boston Harbor Action, MWRA's compliance with its NPDES permit, and the regulation of the Deer Island treatment plant, by proceeding here, this Court would run the risk of issuing inconsistent decisions.  Transfer is in the interest of justice and judicial efficiency because it would ensure that MWRA has clarity for the actions it must take to satisfactorily implement its NPDES permit, its enforcement obligations under the ERP, and the actions it must prioritize at the Deer Island Treatment Plant.

### III.   CONCLUSION

For the foregoing reasons, MWRA's motion to object to the lack of relatedness designation and motion for reassignment [Dkt. 6] is **GRANTED**.  The Clerk shall designate this action as related to 85-CV-00489-RGS, <u>United States of American v. Metropolitan District Commission</u>, and 83-CV-01614-RGS, <u>Conservation Law Foundation v. Metropolitan District Commission</u>, and shall, upon his consent, reassign this matter to Judge Stearns.

**SO ORDERED.**

Dated: January 30, 2023                                                                  /s/ Angel Kelley
                                                                                                       Hon. Angel Kelley
                                                                                                       United States District Judge